IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED COX, # K-63728, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-137-SMY |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| JOHN COE, ) | |
| L. JENKINS, ) | |
| and STEPHEN DUNCAN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants have been deliberately indifferent to his serious medical need for treatment of an umbilical hernia. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## **The Complaint**

Plaintiff was diagnosed with an umbilical hernia in September 2012 while he was incarcerated at Jacksonville Correctional Center.  He was released from IDOC custody a short time later.

In late 2014, Plaintiff was again incarcerated for a different offense and has been housed at Lawrence since that time.  The hernia became painful, so Plaintiff submitted a request for

medical care (Doc. 1, pp. 2, 6). Defendant Jenkins (nurse practitioner) saw Plaintiff on September 30, 2014 and prescribed Motrin for his pain.

In January 2015, Plaintiff again requested care due to the hernia pain. He saw P.A. James (not named as a Defendant) who ordered Plaintiff a hernia belt. The belt was issued on March 17, 2015. However, Plaintiff experienced worse pain while using the belt than he had felt without it (Doc. 1, p. 6). He was given a new belt on April 7, 2015, but the intense pain continued.

Defendant Jenkins saw Plaintiff again on April 15, 2015. He told her that a "5 inch area" of his intestines was protruding from the hernia and that this was made worse when he climbed to the top bunk in his cell. Defendant Jenkins, however, refused to issue Plaintiff a low-bunk permit, even though he pointed out that she had given permits to two of his cellmates who had less-severe hernias than his.

On May 2, 2015, Plaintiff fell on a wet floor. He was given Motrin for the pain, but this medicine made his stomach hurt. The hernia pain continued to worsen. On June 8, 2015, Plaintiff consulted again with P.A. James, who informed him that the only way to fix the hernia bulge was through surgery.

On July 29, 2015, Plaintiff was examined by Defendant Dr. Coe. Defendant Coe confirmed that Plaintiff's hernia needed surgical repair, but informed him that the surgery would have to wait until he left prison. When Plaintiff asked why he could not have the surgery now, Defendant Coe replied that if he were to authorize the costly surgery, Defendant Wexford Health Sources, Inc. ("Wexford"), would fire him (Doc. 1, p. 8). Plaintiff protested that he knew of five other inmates who had undergone hernia repair surgery while in prison. Defendant Coe replied

that those prisoners had probably filed a lawsuit or had an outside doctor recommend the surgery.

Plaintiff continues to suffer daily pain from the untreated hernia. The hernia belt made his pain worse. The medication provided by the Defendants not only failed to relieve the hernia pain, but irritated his stomach. He charges that Defendant Wexford's policy and practice systematically denies hernia surgery to inmates who need this treatment (Doc. 1, p. 9).

Plaintiff articulates several constitutional claims, including cruel and unusual punishment, failure to intervene and a class-of-one equal protection claim (Doc. 1, pp. 9-12). He seeks damages and injunctive relief. He notes that he includes Lawrence Warden Duncan as a Defendant in his official capacity only, for the sole purpose of obtaining injunctive relief (Doc. 1, p. 5).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Coe and Jenkins, for failing to provide necessary surgical treatment for Plaintiff's umbilical hernia;
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Wexford, for maintaining a policy and practice to deny surgical treatment for umbilical hernias even where surgery is medically indicated;
>
> **Count 3:** Fourteenth Amendment equal protection claim against Defendants Coe,

Jenkins, and Wexford, for denying surgical treatment for Plaintiff's umbilical hernia when other similarly situated prisoners were provided with this surgery.

Each of these claims shall receive further review.

### Count 1 – Defendants Coe and Jackson – Deliberate Indifference

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's painful hernia condition satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Based on the Complaint allegations, Defendant Jenkins refused to accommodate Plaintiff's condition by issuing him a low-bunk permit, knowing that his pain was exacerbated

by having to climb to the high bunk. Defendant Coe diagnosed Plaintiff's hernia as needing surgical repair. However, he refused to authorize or request this surgery, allegedly for cost-related reasons. As a result, Plaintiff continued to suffer. These actions suggest possible deliberate indifference on the part of these two Defendants. Thus, **Count 1** shall undergo further review.

### Count 2 – Defendant Wexford – Deliberate Indifference

Defendant Wexford Health Sources, Inc., is a corporation that employs Defendants Coe and Jenkins and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). This is exactly what Plaintiff has alleged with reference to Defendant Coe – he refused to authorize surgery out of fear that Defendant Wexford would fire him if he ordered this costly procedure. Plaintiff further claims that Defendant Wexford maintains an official policy to deny corrective hernia surgery to inmates. Accordingly, **Count 2** shall likewise receive further consideration.

### Count 3 – Equal Protection Class-of-One Claim

Equal protection claims typically involve alleged discrimination on account of race, national origin or gender. However, the Equal Protection Clause also prohibits the singling out of a person for different treatment for no rational reason. To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of*

*Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).  In order to determine whether the defendant had an improper motive for the differential treatment, courts review the manner in which similarly situated individuals were treated.  If the relevant principal characteristics of the plaintiff and other individuals are the same, but others received more favorable treatment, this may indicate the absence of proper motivation for the disparate treatment.  *See Geinosky v. City of Chicago,* 675 F.3d 743, 748 (7th Cir. 2012).

Here, Plaintiff alleges that five other prisoners were authorized to undergo the hernia surgery that was denied to him.  At this early stage, taking Plaintiff's factual allegations as true, he has sufficiently alleged a class-of-one equal protection claim that survives threshold review.  Therefore, **Count 3** shall also proceed for further consideration.

Because Plaintiff is seeking injunctive relief, Defendant Warden Duncan (in his official capacity only) shall remain in the action.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED.**  Service on the Defendants shall be ordered below.

## Disposition

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC., COE, JENKINS,** and **DUNCAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE
**United States District Judge**