# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED COX, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 16-CV-137- SMY- RJD |
| WEXFORD HEALTH SOURCES, INC, et al., | ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendants Wexford Health Sources, Inc., Laurie Jenkins, John Coe, and Stephen Duncan's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 31). For the following reasons, the motion is **DENIED**.

## BACKGROUND

Plaintiff Ted Cox is an inmate at the Lawrence Correctional Center. Defendant Wexford Health Sources ("Wexford") contracts with the state of Illinois to provide medical services to inmates. Defendants Jenkins and Coe served as medical professionals at Lawrence Correctional Center. Defendant Duncan, the warden at Lawrence Correctional Center, is a defendant solely in his official capacity for the purpose of facilitating injunctive relief.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights as follows:

> **Count 1:** Defendants Coe and Jackson violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs by failing to provide surgical treatment for Plaintiff's umbilical hernia.
>
> **Count 2:** Defendant Wexford violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs by maintaining a policy or practice of denying necessary surgical treatment for umbilical hernias.

**Count 3:** Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment by denying surgical treatment to Plaintiff but providing such treatment to similarly situated prisoners.

(Doc. 8).

Defendants Coe, Jenkins and Wexford moved for summary judgment for failure to exhaust administrative remedies (Doc. 31). Defendant Duncan subsequently moved for leave to join the motion, which the Court granted (Docs. 34, 35).

In support of their arguments, Defendants submitted records from the Illinois Department of Corrections and Lawrence Correctional Center, which indicate as follows:

1. On December 8, 2014, Plaintiff submitted a grievance complaining about the medical treatment for his hernias, including treatment provided by Defendant Jenkins on October 4, 2014, and the fact that Defendant Coe had not seen him since his arrival at Lawrence Correctional Center. On December 9, 2014, the counselor responded and forwarded the grievance to the grievance officer.

2. On December 17, 2014, the grievance officer recommended denial of the grievance and forwarded it the Chief Administrative Officer. The Chief Administrative Officer concurred with the recommendation of the grievance officer and denied the grievance on March 16, 2015.

3. On March 23, 2015, Plaintiff appealed the grievance to the Administrative Review Board. On August 4, 2015, the Administrative Review Board denied the grievance, finding that the issue was appropriately addressed by the administration at Lawrence Correctional Center.

4. On August 3, 2015, Plaintiff submitted an emergency grievance complaining about the medical treatment of his hernias by Defendant Coe on July 29, 2015. On August 6, 2015, the Chief Administrative Officer found that Plaintiff's grievance did not constitute an emergency.

5. On August 8, 2015, Plaintiff submitted an emergency grievance complaining about the medical treatment of his hernias by a physician's assistant on June 8, 2015. On August 11, 2015, the Chief Administrative Officer found that Plaintiff's grievance did not constitute an emergency.

6. On October 15, 2015, Plaintiff submitted an emergency grievance complaining about the lack of response to his request for medical

treatment for his hernias. On October 16, 2015, the Chief Administrative Officer found that Plaintiff's grievance did not constitute an emergency.

7. On October 21, 2015, a counselor responded to the grievance and Plaintiff forwarded it to the grievance officer. On November 11, 2015, the grievance officer recommended denial of the grievance and forwarded it the Chief Administrative Officer.

8. On February 23, 2016, the Chief Administrative Officer concurred with the recommendation of the grievance officer and denied the grievance.

9. On or around May 19, 2016, Plaintiff appealed the grievance to the Administrative Review Board. The Administrative Review Board denied the appeal as untimely.

## DISCUSSION

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

An inmate in the custody of the Illinois Department of Corrections must first attempt to resolve a complaint informally with his counselor. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer – usually the warden – at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The Chief Administrative Officer advises the inmate of the decision on the grievance within two months of filing. *Id.* § 504.830(d). An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).

3

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If the Chief Administrative Officer determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken. If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may submit the grievance as non-emergent, in accordance with the standard grievance process. *Id*. § 504.810(e).

Here, Defendants do not contest that Plaintiff properly completed the grievance process with respect to the grievance submitted in December 2014. Rather, they argue that Plaintiff failed to sufficiently identify his complaints regarding Defendants Coe and Wexford and that he failed to provide notice of his claims under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. Proper exhaustion of administrative remedies means that "the grievances must contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). On this issue, the departmental regulations provide:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810(c).

Significantly, the regulations do not require inmates to articulate legal theories. *See Watford v. Ellis*, 2017 WL 2645628, at *2 (S.D. Ill. 2017). Rather, the purpose of the grievance process is to alert officials to a problem so action can be taken to remedy the problem. *Maddox*

4

*v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The essence of Plaintiff's claims is that Defendants failed to properly provide medical treatment for his hernias – Plaintiff's grievance provides ample notice of this concern. Moreover, Plaintiff referred to Defendant Coe by name and complained that Coe had not seen him for treatment since Plaintiff's arrival at the facility. As such, Plaintiff complied with the departmental regulations with respect to his complaints regarding Defendant Coe.

Defendants also argue that Plaintiff failed to identify Defendant Wexford or to implicate any of its policies. The regulations provide instructions for grievances concerning persons and individuals but omit any mention of corporate entities. *See* 20 Ill. Admin. Code § 504.810(c). However, "[w]hen the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Here, the grievance contains Plaintiff's complaint and concerns about medical treatment for his hernias and demands an investigation of Dr. Coe and the medical staff at Lawrence Correctional Center. In similar cases, courts have noted that "where the plaintiff is claiming a broad denial of proper treatment by the health care unit as a whole, he will not be found at fault for failing to name Wexford itself." *Williams v. Carter*, 2012 WL 4815476, at *2 (N.D. Ill. 2012)*; see also Armbruster v. Wexford Health Sources, Inc.*, 2017 WL 2418724, at *6 (S.D. Ill. 2017); *Conley v. Birch*, 2012 WL 4202702, at *5 (S.D. Ill. 2012). Thus, Plaintiff's grievance provided sufficient notice to raise the issue of whether the policies or practices of Defendant Wexford resulted in inadequate medical treatment.

The Court finds that Plaintiff properly exhausted his administrative remedies by completing the grievance process for the grievance filed on December 8, 2014. Because the December 2014 grievance, by itself, satisfies the exhaustion requirement with respect to

Plaintiff's claims, the Court need not consider whether Plaintiff completed the grievance process with respect to any other grievance. Accordingly, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 31) is denied. The parties may proceed to discovery on the merits as to Counts 1, 2 and 3.

**SO ORDERED.**

**DATED: August 7, 2017**

**s/ *Staci M. Yandle*** 
**STACI M. YANDLE**
**United States District Judge**